IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DONALD L. SEARLES,

    Petitioner,

    v.

LEBANON CORRECTIONAL
INSTITUTION, Warden,

    Respondent.

CASE NO. 2:08-CV-406
JUDGE FROST
MAGISTRATE JUDGE KING

### REPORT AND RECOMMENDATION

This matter is before the Court on its own motion to consider the sufficiency of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be dismissed as barred by the one-year statute of limitations under 28 U.S.C. §2244(d).

### I.  PROCEDURAL HISTORY

The Ohio Fifth District Court of Appeals summarized the procedural history of this case as follows:

> On November 2, 2001, the Morgan County Grand Jury indicted appellant on four counts of rape; four counts of sexual battery; one count of unlawful sexual conduct; one count of gross sexual imposition; and one count of having weapons under disability. Appellant pled guilty to the charge of having weapons under disability on December 11, 2001. The remaining charges were scheduled for a jury trial that commenced on December 18, 2001. Following deliberations, the jury found appellant guilty of these charges. On December 21, 2001, the trial court conducted a violent sexual predator

> hearing and found appellant to be a violent sexual predator. The trial court sentenced appellant on January 29, 2002.
>
> Appellant appealed his conviction. On June 27, 2003, we reversed appellant's conviction and ordered a retrial because the trial court improperly admitted evidence of a polygraph examination. *See State v. Searles*, Morgan App. No. 02 CA 4, 2003-Ohio-3498. Subsequent to the reversal and remand, appellant entered into a plea agreement, with the state, and pled guilty to two counts of unlawful sexual conduct with a minor. On May 5, 2004, the trial court sentenced appellant to a five-year prison term on each count, to be served consecutively.
>
> On May 31, 2005, appellant filed a motion for reconsideration of sentence and motion for post-conviction relief. The trial court denied both motions by judgment entry on December 6, 2005. Appellant filed a notice of appeal on December 30, 2005[.]

*State v. Searles*, 2006 WL 3718288 (Ohio App. 5 Dist. December 15, 2006). On May 2, 2007, the Ohio Supreme Court dismissed petitioner's subsequent appeal. *State v. Searles*, 113 Ohio St.3d 1489 (2007).

On April 21, 2008, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He signed the petition on April 8, 2008. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. In sentencing the appellant, the trial court relied on facts not within the jury verdict or admitted by the defendant, contrary to the United States Supreme Court rulings in *United States v. Booker* and *Blakely v. Washington*.
>
> 2. In the imposition of consecutive sentences the trial court relied on facts not within the jury verdict or admitted by the defendant, contrary to the United States Supreme Court's

2

ruling in *United States v. Booker* and *Blakely v. Washington*.

3. The appellant was denied his due process right to the effective assistance of trial and appellate counsel for their failure to properly object to and preserve federal constitutional questions of law involving the imposition of sentence, violative to the Sixth and Fourteenth Amendment to the United States Constitution.

## II. STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. §2244(d) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the

>pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's conviction became final on June 4, 2004 - *i.e.,* thirty days after he was sentenced on May 5, 2004 -when the time period expired to file a timely appeal. *See Searcy v. Carter,* 246 F.3d 515, 518-19 (6th Cir. 2001); *Marcum v. Lazaroff,* 301 F.3d 480, 481 (6th Cir. 2002); Ohio App.R. 4(A). The statute of limitations ran for three hundred and sixty-one days, until May 31, 2005, when petitioner filed his motion for reconsideration of sentence and post conviction petition in the state trial court. The statute of limitations was tolled until May 2, 2007, when the Ohio Supreme Court dismissed petitioner's post conviction appeal. *Lawrence v. Florida,* 127 S.Ct. 1079 (2007)(statute of limitations is not tolled under 2244(d)(2) during the time period that petitioner could have filed a petition for a writ of certiorari in the United States Supreme Court). The statute of limitations expired four days later, on May 6, 2007. Petitioner did not sign the instant petition until approximately eleven months later, on April 8, 2008. Further, he has failed to allege any extraordinary circumstances that would justify equitable tolling of the statute of limitations. *See King v. Bell,* 378 F.3d 550, 553 (6th Cir.2004) (citations omitted).

For all of the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as time-barred.

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with

supporting authority for the objection(s).  A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


<u>May 2, 2008</u>                                                                        <u>  s/Norah McCann King       </u>
                                                                                             Norah McCann King
                                                                                             United States Magistrate Judge